OLIN CORPORATION, Plaintiff,

v.

STATE OF ILLINOIS, DEPARTMENT OF LABOR, Bureau of Employment Security, Division of Unemployment Insurance, William M. Bowling, Director, State of Illinois, Department of Labor, Defendants,

and

International Associations of Machinists and Aerospace Workers, District 9, AFL–CIO, Western Employee's Trades Council, AFL–CIO, and Laborers International Union of North America Local # 338, Intervenors.

No. 77–5156.

United States District Court, S. D. Illinois, S. D.

Jan. 9, 1978.

Paul S. Kuelthau, Ronald K. Fisher, Michael Kaemmerer, Moller, Talent, Kuelthau, Dowell & Fisher, St. Louis, Mo., Randall Robertson, Lueders, Robertson & Konzen, Granite City, Ill., for plaintiff.

William J. Scott, Atty. Gen., State of Illinois, Howard W. Feldman, Asst. Atty. Gen., Springfield, Ill., Barbara Fritsche, Asst. Atty. Gen., Springfield, Ill., for defendants.

Harold Gruenberg, Gruenberg, Souders & Levine, St. Louis, Mo., for intervenor WETC.

David K. Stalker, Smith, Allen, Larson & Stalker, East Alton, Ill., for intervenor IAM, Dist. # 9.

Paul L. Pratt, Pratt, Pierce, Bradford & Gitchoff, Ltd., East Alton, Ill., for intervenor Laborers # 338.

## MEMORANDUM ORDER

ACKERMAN, District Judge.

Plaintiff Olin Corporation filed this action in two counts on December 28, 1977, seeking to restrain the payment of unemployment compensation benefits which the defendant State of Illinois proposed to pay to those honoring the picket lines of striking unions at Olin's East Alton, Illinois, plant. After numerous hearings and the submission of briefs by all parties, including the intervenors, this cause is now here on cross motions for summary judgment.

Plaintiff's complaint in Count I asserts that the action of defendant constitutes interference with Federal Labor law and policy and encroaches upon the field pre-empted by the National Labor Relations Act, 29 U.S.C. §§ 141 et seq. and therefore violates the supremacy clause of the Constitution of the United States (Article VI, Cl. 2). In Count II of its complaint, plaintiff invokes the ancillary jurisdiction of the Court and asserts that the State of Illinois erroneously determined to pay unemployment compensation benefits under the applicable Illinois statute. Ill.Rev.Stat. ch. 48, § 434 (1975). It is apparent from the briefs and arguments of the parties that the preemption question is paramount and thus, will receive the bulk of my attention throughout this opinion.

Plaintiff is a Virginia corporation doing business in East Alton, Illinois. The East Alton facility is primarily engaged in the manufacture of ammunition, strip brass and brass products. The employees at plaintiff's East Alton plant are represented in the main by five distinct labor organizations: International Association of Machinists and Aerospace Workers AFL–CIO District 9 (hereinafter referred to as Machinists) who has intervened in this action and represents approximately 3,200 of plaintiff's employees; Western Employees' Trades Council AFL–CIO (hereinafter referred to Western Trades Council) who has intervened and who represents the members of various international unions including Laborers International Union of North America Local 338 who has also intervened; International Chemical Workers Local # 6 (hereinafter referred to as Chemical Workers), representing approximately 60 of plaintiff's employees; International Brotherhood of Electrical Workers Local Union 649 (hereinafter referred to as IBEW) representing approximately 120 of plaintiff's

employees; and International Union of Journeymen and Apprentices of the Plumbing and Pipefitting Industry of the United States and Canada Local # 555 (hereinafter referred to as Pipefitters), representing 95 of plaintiff's employees.

Plaintiff had separate concurrent collective bargaining agreements with all five of the labor organizations listed above. Those agreements had a common expiration date of December 1, 1977. Plaintiff engaged in separate negotiations with each of these labor organizations but made identical economic offers to all five. The Machinists and Chemical Workers accepted that offer on November 29 and 30 respectively, and on December 9, 1977, the Western Trades Council also accepted the offer. However, the offer was rejected by the Pipefitters and IBEW and on 12:01 a. m., December 1, 1977, those unions commenced striking activities and established pickets at plaintiff's plant. The Machinists, Chemical Workers and Western Trades Council members have continuously honored those picket lines and refused to enter plaintiff's facilities.

On December 27, 1977, defendants informed plaintiff that the employees of plaintiff, represented by the Machinists, Western Trades Council and Chemical Workers were eligible to receive immediate unemployment compensation benefits during the pendency of the strike by the Pipefitters and IBEW, pursuant to the Illinois Unemployment Compensation Laws. Ill. Rev.Stat. ch. 48 §§ 300 et seq. (1975). This suit was instituted the following day.

The plaintiff contends that Illinois Revised Statute Chapter 48 § 434,[1] under which it was determined that the members of the Machinists, Western Trades Council and Chemical Workers were entitled to unemployment compensation benefits, is preempted under Federal labor law and policy since it alters the relative economic strength of the unions vis-a-vis the employer in the system established by Congress for collective bargaining.

The question presented then is whether a State law which allows the payment of unemployment compensation benefits to those workers honoring the picket lines of a striking union, is pre-empted under Federal labor law and policy.

Although the parties have not cited nor has research revealed a case where this precise issue has been presented, there are numerous cases where state laws allowing payment of unemployment compensation benefits to those directly on strike have been challenged. *See, Grinnell Corp. v. Hackett,* 475 F.2d 449 (1st Cir. 1973), cert. denied 414 U.S. 858, 94 S.Ct. 164, 38 L.Ed.2d 108 (1973), *New York Telephone Co. v. New*

---

1. Ill.Rev.Stat. ch. 48 § 434 (1975) provides:

§ 434. § 604. Labor Dispute. An individual shall be *ineligible* for benefits for any week with respect to which it is found that his total or partial unemployment is due to a stoppage of work which exists because of a labor dispute at the factory, establishment, or other premises at which he is or was last employed. The term "labor dispute" does not include an individual's refusal to work because of his employer's failure to pay accrued earned wages within 10 working days from the date due, or to pay any other uncontested accrued obligation arising out of his employment within 10 working days from the date due. This Section shall not apply if it is shown that (A) the individual is not participating in or financing or directly interested in the labor dispute which caused the stoppage of work and (B) he does not belong to the grade or class of workers of which immediately before the commencement of the stoppage there were members employed at the premises at which the stoppage occurs, any of whom are participating in or financing or directly interested in the dispute; provided, that a lockout by the employer or *an individual's failure to cross a picket line at such factory, establishment, or other premises shall not, in itself, be deemed to be participation by him in the labor dispute.* If in any case, separate branches of work which are commonly conducted as separate businesses and separate premises are conducted in separate departments of the same premises, each such department shall, for the purposes of this Section, be deemed to be a separate factory, establishment, or other premises. Whenever any claim involves the provisions of this Section, the claims adjudicator referred to in Section 702 shall make a separate determination as to the eligibility or ineligibility or the claimant with respect to the provisions of this Section. This separate determination may be appealed to the Director in the manner prescribed by Section 800. (Emphasis added.)

*York State Department of Labor*, 434 F.Supp. 810 (S.D.N.Y.1977), reversed 566 F.2d 388 (2nd Cir. 1977); *Hawaiian Telephone Co. v. State of Hawaii Department of Labor and Industrial Relations*, 405 F.Supp. 275 (D.C.Hawaii 1975), and *Kimbell, Inc. v. Employment Security Commission*, 429 U.S. 804, 97 S.Ct. 36, 50 L.Ed.2d 64 (1976).

The holdings of the above cited cases, however, are far from unanimous. State laws in Hawaii and New York which allowed payment of unemployment compensation benefits to strikers under certain circumstances are found pre-empted in the District Courts. See *Hawaiian Telephone Co., supra*, and *New York Telephone Co., supra*. The state law in Rhode Island which also allowed payment of unemployment compensation benefits to strikers under certain circumstances was found not pre-empted in the District Court. See *Grinnell Corp. v. Hackett*, 344 F.Supp. 749 (D.C. Rhode Island 1972).

The opinions in the Appellate Courts on this question are also divided. The Court of Appeals for the First Circuit vacated the trial court's denial of the preliminary injunction and reversed and remanded with instructions concerning the challenge to the Rhode Island Unemployment Compensation Law. *Grinnell v. Hackett*, 475 F.2d 449 (1st Cir. 1973), cert. denied 414 U.S. 858, 94 S.Ct. 164, 38 L.Ed.2d 108 (1973). The Court of Appeals for the Second Circuit reversed the District Court and found the New York Unemployment Compensation Law not pre-empted. *New York Telephone Co. v. New York Department of Labor*, 566 F.2d 388 (1977). The Court of Appeals for the Third Circuit had before it a case challenging New Jersey regulations which permitted welfare payments to striking workers. The Court there ruled that since the Supreme Court in the case of *Kimbell, Inc. v. Employment Security Commission, supra*, had ruled that the New Mexico statute which allowed payment of unemployment compensation benefits to strikers was not pre-empted when it dismissed the *Kimbell* case for want of a substantial federal question, the pre-emption portion of the challenge to the New Jersey welfare payment regulations as it related to the Federal labor law

policy was foreclosed. *Super Tire Engineering Co. v. McCorkle*, 550 F.2d 903 (3rd Circuit, 1977), cert. denied, ——— U.S. ———, 98 S.Ct. 106, 54 L.Ed.2d 86 (1977).

 With these authorities before me I find the decision of the Court of Appeals for the Second Circuit in the *New York Telephone Co. v. New York Department of Labor* case most persuasive. I believe that the decision there, that Congress evinced an intention with the passage of the National Labor Relations Act to leave states free to regulate in the area of payment of state unemployment compensation payments to strikers, is correct. With that premise in mind, I believe it impossible to find the state law under challenge here, which in this instance has allowed payment of unemployment compensation benefits to those honoring the picket lines of striking unions, to be pre-empted. Regardless of the effects these payments may have on the relative bargaining positions and economic strengths of the parties in any collective bargaining situation, it seems to me that Congress intended to allow the states to pay unemployment compensation benefits to strikers or not as they choose. It logically follows that Congress must have intended to allow the states to pay or not pay state unemployment compensation benefits to those honoring picket lines as the state sees fit.

Under these circumstances, there are no genuine issues of material fact and defendants are entitled to summary judgment as a matter of law on Count I of the complaint.

Count II of the complaint invokes the ancillary jurisdiction or more properly, the pendent jurisdiction, of this Court and urges that the State erred when it determined under Ill.Rev.Stat. ch. 48 § 434 that the members of the Machinists, Western Trades Council, and the Chemical Workers were entitled to unemployment compensation benefits in this instance.

Under state law, the decision of the adjudicator which is challenged here is appealable to the Director, Ill.Rev.Stat. ch. 48 § 470 (1975) and the decision of the Director is subject to judicial review under the Illinois Administrative Review Act. Ill.Rev.Stat.

ch. 48 § 685 (1975). Plaintiff here is pursuing its rights under the procedure provided by Illinois law as well as bringing this action.

■ Under these circumstances and in light of the Court's ruling on Count I, I believe it best for the plaintiff to continue its challenge of the adjudicator's ruling in the State proceedings and not in this action. The doctrine of pendent jurisdiction is a doctrine of discretion not plaintiff's right. *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). The issue in Count II is solely one of state law and should be dismissed without prejudice and left for resolution to state tribunals.

Defendant's motion for summary judgment on Count I is allowed, plaintiff's motion for summary judgment is denied, and Count II of the complaint is dismissed without prejudice.